IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENNIS OWEN COLLINS, et al.,<br><br>Defendants. | Criminal No. 1:13-cr-383<br><br>Hon. Liam O'Grady<br><br>Trial Date: October 7, 2014 |

**MOTION *IN LIMINE* FOR A RULING PERMITTING THE GOVERNMENT TO USE FEDERAL RULE OF EVIDENCE 902(11) FOR THE AUTHENTICATION OF DOMESTIC RECORDS OF <u>REGULARLY CONDUCTED ACTIVITY</u>**

COMES NOW the United States of America by and through its undersigned counsel and moves this Honorable Court for a ruling in advance of trial to permit the government to use Federal Rule of Evidence 902(11) to authenticate business records otherwise admissible pursuant to Federal Rule of Evidence 803(6). In support of such motion, the government submits:

1.    At trial the government intends to offer into evidence the following:

    a.    GX30 consists of business records from Buckeye CableSystem. The records relate to the IP address 72.241.173.63. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 1.

    b.    GX31 consists of business records from Yahoo!. The records relate to the username "jeremyhfht1" to include login IP addresses including IP address 68.55.121.177 and the email account grishnav@yahoo.com to include login

IP addresses including IP address 71.197.246.227. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 2.

      c.      GX32 consists of business records from AOL Inc. The records relate to the IP address 71.197.246.227 in 2010. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 3.

      d.      GX33 consists of business records from Comcast. The records relate to the IP address 68.55.121.177. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 4.

      e.      GX34 consists of business records from Google. The records relate to the email account jeremyhfht@gmail.com and the IP address 68.55.121.177. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 5.

      f.      GX35 consists of business records from Georgia Institute of Technology. The records relate to the IP address 128.61.78.41. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 6.

      g.      GX36 consists of business records from MySpace.com. The records relate to user account #145201427 with associated email jeremyhfht@gmail.com and user account #7136101 with associated email grishnav@egosurf.net. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 7.

      h.      GX37 consists of business records from Google. The records relate to email accounts anontana@gmail.com and anonopsspark@gmail.com and

the IP address 72.174.53.227. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 8.

   i. GX38 consists of business records from Verizon. The records relate to the IP address 96.248.94.3. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 9.

   j. GX39 consists of business records from Comcast. The records relate to the IP address 71.197.246.227. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 10.

   k. GX40 consists of business records from Secured Servers, LLC. The records relate to the IP address 71.197.246.227. A copy of the declaration of authenticity and accompanying records are attached as Exhibit 11.

  2. The custodians of records for the documents described above are largely located outside of Virginia.

  3. The government is not aware of any bases that would constitute a legitimate challenge to the admissibility of any of the above records.

  4. Federal Rule of Evidence 902(11) permits authentication of such records by a written declaration of its custodian or other qualified person. Thus, extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> (11) Certified Domestic Records of Regularly Conducted Activity. – The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any . . . rule prescribed by the Supreme Court pursuant to statutory authority. . .

The Advisory Committee Notes addressing the 2000 Amendments to the Federal Rules of Evidence make clear that "[a] declaration that satisfies 28 U.S.C. §1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."

    5.    A written declaration attesting to the authenticity of a business record is not testimonial in nature. The Supreme Court specifically observed that business records "by their nature are not testimonial." *Crawford v. Washington*, 584 U.S. 36, 56 (2004). In *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006), the court concluded that business records could be properly introduced pursuant to Federal Rules of Evidence 803(6) and 902(11). *See also United States v. Hagege*, 437 F.3d 943, 957-958 (9th Cir. 2006) (holding that "foreign business records admitted under § 3505 are not subject to the *Crawford* requirement of confrontation"); *United States v. Jamieson*, 427 F.3d 394, 411-412 (6th Cir. 2005) (holding that business records admitted under Rule 807 did not resemble the "formal statement" or "solemn declaration" identified by the Supreme Court in *Crawford*); *United States v. Lopez-Moreno*, 420 F.3d 420, 436-437 (5th Cir. 2005) (holding that public records are not testimonial and recognizing that, under *Crawford*, business records, which are analogous to public records, are not testimonial and are not subject to the requirements of the Confrontation Clause). The Court of Appeals for the District of Columbia followed *Ellis'* reasoning in *United States v. Adefehinti*, 510 F.3d 319, 325-328 (D.C. Cir. 2008) (reversing conviction on other grounds). Moreover, the court there held that it is not necessary for the certifying records custodian to have

personal knowledge of the creation of the records maintained by the business. *Id.* at 325.

6.    Accordingly, the United States asks for a ruling by this Court in advance of trial allowing authentication of the above described business records by declarations complying with Federal Rule of Evidence 902(11) and 28 U.S.C. § 1746, copies of which have been made available to the defense and are attached to this Motion.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By: _____/s/_____
     Alexander T.H. Nguyen
     Assistant U.S. Attorney
     U.S. Attorney's Office
        Eastern District of Virginia
     2100 Jamieson Avenue
     Alexandria, VA 22314
     Phone: (703) 299-3700
     Fax: (703) 299-3980
     Email: alexander.nguyen@usdoj.gov

     Richard D. Green
     Trial Attorney, U.S. Department of Justice
     Computer Crime & Intellectual Property Section

Date: <u>September 26, 2014</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2014, I electronically filed the foregoing MOTION IN LIMINE FOR A RULING PERMITTING THE GOVERNMENT TO USE FEDERAL RULE OF EVIDENCE 902(11) FOR THE AUTHENTICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

John C. Kiyonaga
108 North Alfred Street
Alexandria, VA 22314
john@johnckiyonaga.com

Marina Medvin
MEDVIN LAW
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
marina@medvinlaw.com

James W. Hundley
Briglia Hundley Nuttall & Lopez, P.C.
1921 Gallows Rd.
Vienna, VA 22182
jhundley@bhnklaw.com

William Loeffler
60 E D St.
Brunswick, MD 21716
williamodouglas@aol.com

William Todd Watson
Federal Public Defender's Office (EDVA)
1650 King St., Suite 500
Alexandria, VA 22314
todd_watson@fd.org

John O. Iweanoge, II
Iweanoge Law Center
1026 Monroe Street, NE
Washington, DC 20017
joi@iweanogesfirm.com

Elita C. Amato
1600 Wilson Blvd., Suite 205
Arlington, VA 22209
amato.law@comcast.net

Drewry B. Hutcheson, Jr.
McGinley, Elsberg & Hutcheson, P.L.C.
627 South Washington Street
Alexandria, VA 22314
hutch365@msn.com

| | |
|---|---|
| Gregory B. English<br>601 King St. Ste 406<br>Alexandria, VA 22314<br>gbeuva@gmail.com | Jessica Nicole Carmichael<br>Patrick N. Anderson & Asso., P.C., Ste. 310<br>333 N. Fairfax Street<br>Alexandria, VA 22314<br>jcarmichael@pnalaw.com |
| Gretchen Lynch Taylor<br>Taylor Law Company<br>10605 Judicial Drive, Suite A-5<br>Fairfax, VA 22030<br>gretchen@taylorlawco.com | Gary H. Smith<br>601 King Street, #203<br>Alexandria, VA 22314<br>smithgh58@aol.com |
| John Louis Machado<br>Law Office of John Machado<br>503 D Street NW, Suite 310<br>Washington, DC 20001<br>johnmachadoesq@kreative.net | Joseph Stanton Abrenio<br>LeClairRyan<br>2318 Mill Road, Suite 1100<br>Alexandria, Virginia 22314<br>joseph.abrenio@leclairryan.com |

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
    Alexander T.H. Nguyen
    Assistant U.S. Attorney
    U.S. Attorney's Office
    Eastern District of Virginia
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Phone: (703) 299-3700
    Fax: (703) 299-3980
    Email: alexander.nguyen@usdoj.gov